# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mountain State Sales and Electrical Service, Inc.,**
**Plaintiff Below, Petitioner**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0601** (Raleigh County 12-C-253)

**Raleigh County Board of Education,**
**Defendant Below, Respondent,**

## MEMORANDUM DECISION

Petitioner Mountain State Sales and Electrical Service, Inc. ("Mountain State"), by counsel Michael E. Froble, appeals the May 16, 2014, order of the Circuit Court of Raleigh County granting summary judgment to respondent. Respondent Raleigh County Board of Education, by counsel Chip E. Williams, responds in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2009, petitioner submitted a bid to respondent for a construction project at Woodrow Wilson High School.[1] The project was awarded to petitioner's competitor, Continental Flooring ("Continental"), as Continental was deemed the lowest qualified responsible bidder.[2] While Continental undisputedly had the lowest bid for the project, petitioner

---

[1] Petitioner's bid, along with the bids of other contactors, was submitted in accordance with the provisions of the West Virginia Fairness In Competitive Bidding Act, West Virginia Code § 5-22-1. West Virginia Code § 5-22-1(c) requires, in part, that "[t]he state and its subdivisions shall . . . solicit competitive bids for every construction project exceeding $25,000 in total cost. . . ."

[2] West Virginia Code § 5-22-1(b)(1) defines "lowest qualified responsible bidder" as a bidder that bids the lowest price and that meets, as a minimum, all the following requirements:

The bidder must certify that it: (A) Is ready, able and willing to timely furnish the labor and materials required to complete the contract; (B) Is in compliance with (continued . . .)

1

contends that Continental was not a qualified responsible bidder. Petitioner alleges that Continental's bid was so low it was in obvious violation of the regulations pursuant to the Prevailing Wage Act, 42 W.Va. C.S.R. § 7.4.[3] Thus, petitioner, having offered the second lowest bid and as a qualified responsible bidder, argues that it should have been awarded the contract.

On December 28, 2009, petitioner wrote to respondent and criticized the award of the project to Continental.[4] Respondent answered petitioner's concerns and advised that there was no reason to remove Continental from the project.[5] On March 27, 2012, petitioner filed suit against respondent alleging numerous claims including breach of contract, negligence, misrepresentation and fraud, as a result of not being awarded the project.

Respondent, pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, filed a motion to dismiss petitioner's complaint, and argued that it was immune from petitioner's claims by virtue of the West Virginia Governmental Tort Claims and Insurance Reform Act, West Virginia Code §§ 29-12A-1 to -18. In response, petitioner filed a motion to amend its complaint. A hearing was held on these motions and the circuit court ruled that "[a]lthough on the face of the matter, it appears that none of the claims asserted by the plaintiff fall within the statutory exceptions to immunity . . . [,respondent] must rely upon extraneous matters to prove its point." Accordingly, the circuit court ruled that respondent's motion to dismiss must be

---

all applicable law of the State of West Virginia; and (C) Has supplied a valid bid bond or other surety authorized or approved by the contracting public entity.

West Virginia Code § 5-22-1(d) directs, in part, that "[f]ollowing the solicitation of bids, the construction contract shall be awarded to the lowest qualified responsible bidder. . . ."

[3]The regulations set forth in 42 W.Va. C.S.R. § 7.4 were promulgated pursuant to the Prevailing Wage Act and establish the duty of a public authority related to the payment of prevailing wages when utilizing public monies in public improvements and construction. Prevailing wage is also addressed in West Virginia Code § 21-5A-2 which states that

[i]t is hereby declared to be the police of the State of West Virginia that a wage of no less than the prevailing hourly rate of wages for work of a similar character in the regions of this state in which the construction is performed, shall be paid to all workers employed by or on behalf of any public authority engaged in the construction of public improvements.

[4]Petitioner also requested that Continental be removed from the project and that petitioner be hired to complete the job.

[5]In a January 6, 2010, letter respondent advised petitioner that "[a]s of today, January 6, 2010, there is no reason for Raleigh County Schools to remove Continental Flooring from the Woodrow Wilson High School job. All documents supplied to the Raleigh County School Purchasing Department are in order and comply with the terms of the contract and West Virginia law."

converted to a motion for summary judgment. Considering the standard for which the granting of summary judgment motions is proper, the circuit court noted that "[a] worrisome factor here is that the plaintiff, at least in its proposed amended complaint, sets forth allegations of fraud, collusion, concealment and misrepresentation." Thus, in its order dated December 17, 2012, the circuit court reasoned that because petitioner's new allegations transcend the statutory immunity protection afforded to respondent, and because the court needed additional information to make its ruling on respondent's motion for summary judgment, respondent's motion was denied. In the same order, the court granted petitioner's motion to amend its complaint.

Depositions and written discovery were then completed and respondent again moved the circuit court for summary judgment, citing its immunity as to petitioner's claims pursuant to West Virginia Code §§ 29-12A-1 to -18. Respondent further alleged that petitioner lacked standing to bring an action against respondent because there was no privity of contract between the parties. Petitioner responded and asserted that its claims against respondent were not subject to immunity, and that the claims were proper as petitioner had an executory contract with respondent, to which it had a "vested interest" and a right as the "lowest qualified bidder."

After hearing the arguments of counsel, the circuit court, by order entered May 16, 2014, granted summary judgment to respondent. The circuit court found that respondent was insulated from liability under West Virginia Code § 29-12A-1, and was entitled to judgment as a matter of law. The circuit court reasoned that even if West Virginia Code § 29-12A-4(b)(1) did not provide respondent with immunity as to petitioner's claims, petitioner could not maintain an action against respondent for breach of contract, as there was no contract between the parties. As to petitioner's remaining causes of action, the circuit court ruled that there was "simply no evidence to support [petitioner's] allegations that [respondent] was negligent, acted fraudulently, or made misrepresentations to [petitioner] during the bidding process." It is from the circuit court's May 16, 2014, order that petitioner appeals.

We review the entry of summary judgment de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

> Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

On appeal, petitioner raises four assignments of error. Petitioner's first and second assignments of error have a great deal of overlap and will be addressed together. In its first assignment of error, petitioner argues that West Virginia law does not provide complete immunity to respondent as to all of the causes of action alleged by petitioner. In its second assignment of error, petitioner contends that the circuit court erred in granting summary judgment to respondent, as there was a genuine issue of material fact to be determined by a jury. Specifically, petitioner contends that it should have been permitted to present credible evidence

3

to a jury that Continental did not pay prevailing wages, and that respondent knew, or reasonably should have known, of Continental's failure to pay prevailing wage and purposefully ignored such facts.

We note that this case is governed by the Governmental Tort Claims and Insurance Reform Act, West Virginia Code §§ 29-12A-1 to -18, which provides immunity from suit to political subdivisions and their employees in certain prescribed situations.[6] West Virginia Code § 29-12A-4(b)(1) states, in part, that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. . . . Per West Virginia Code § 29-12A-5(b)(2) (1986), in part, "[a]n employee of a political subdivision is immune from liability unless . . . (2) [h]is or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." We will apply this standard to the instant facts.

We previously held in syllabus point one, in part, of *Hutchison v. City of Huntington*, 198 W.Va. 139, 479 S.E.2d 649 (1996), that "[t]he ultimate determination of whether . . . statutory immunity bars a civil action is one of law for the court to determine." In this case, the circuit court ruled that respondent was immune from liability as to petitioner's instant claims, as said claims related to respondent's governmental and proprietary functions. The circuit court noted that "[t]he case at hand is a shining example of a "governmental or proprietary function." Further, the circuit court found that "[t]here is simply no evidence that [respondent] acted negligently, fraudulently, or with malicious intent when awarding the subject contract to Continental . . . ." We agree. The record in this case is devoid of evidence that respondent failed to meet all of the requirements of the bidding process in awarding the subject contract to Continental.

Petitioner argues that if claimed immunity exists as to respondent, such immunity would only apply and protect respondent upon the initial awarding of the contract to Continental, leaving the remaining issue as to whether respondent had an additional duty to investigate Continental's continued compliance, throughout the entirety of the project, with the applicable laws, rules and regulations. However, petitioner presents no evidence that respondent did not "investigate" Continental's continued compliance with the terms of the contract. Further, petitioner has provided no law in support of this assignment of error. As we held in Syl. Pt. 13, in part, *W.Va. Reg'l Jail and Corr. Facility Auth. v. A.B.*, 234 W.Va. 492, 766 S.E.2d 751 (2014), this

> . . . Court takes the pleadings and record as it finds them and the adversarial process makes it incumbent on the parties to plead the causes of action and present the requisite evidence necessary to maintain viability of their case. Courts cannot concoct or resurrect arguments neither made nor advanced by the parties.

---

[6]West Virginia Code § 29-12A-3(c) defines "political subdivisions" to include county boards of education.

4

Even if such a duty exists, we find that there is no evidence in the record to establish that the respondent negligently, fraudulently, or maliciously failed to investigate Continental's continued compliance with applicable laws, rules and regulations. In light of these facts, we believe that a rational trier of fact could not find that respondent's conduct in awarding or subsequent acts of monitoring Continental's compliance with contract requirements was negligent, fraudulent, or malicious.

"[T]he party opposing summary judgment must satisfy the burden of proof by offering more than an mere 'scintilla of evidence,' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Painter*, 192 W.Va. at 192-93, 451 S.E.2d at 758-59. The evidence offered must be "concrete," and "mere allegations" are insufficient. *See Williams*, 194 W.Va. at 60, 459 S.E.2d at 337; *see also Miller v. City Hosp., Inc.*, 197 W.Va. 403, 412, 475 S.E.2d 495, 504 (1996).

In *Williams*, we further reasoned that

> [a] nonmoving party cannot avoid summary judgment merely by asserting that the moving party is lying. Rather, Rule 56 required a nonmoving party to produce specific facts that cast doubt on a moving party's claims or raise significant issues of credibility. The nonmoving party is required to make this showing because he is the only one entitled to the benefit of all *reasonable* or *justifiable* inferences when confronted with a motion for summary judgment. Inferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuition or rumors.

194 W.Va. at 61 n.14, 459 S.E.2d at 338 n.14 (emphasis in original).

In this case, respondent followed the requirements of West Virginia Code § 5-22-1(d) and awarded the contract at issue to Continental, as the lowest qualified responsible bidder. Further, as evidenced in the record, respondent, before awarding the contract to Continental, contacted Continental to ensure that prevailing wage was being paid to Continental's workers and that Continental was in compliance with contract requirements and West Virginia law. Respondent's representative even visited the worksite at issue, without notice to Continental, to investigate the report that Continental was employing workers who were not being paid the prevailing wage. Under these facts, we do not believe that a rational jury could find that respondent's conduct was negligent, fraudulent, or malicious.

For these reasons, we find that petitioner has failed to make a sufficient showing on the essential element of negligent, fraudulent, or malicious conduct on the part of respondent and conclude that summary judgment on behalf of the respondent was proper.

In its third assignment of error, petitioner alleges that the circuit court erred in finding that petitioner lacks standing to bring an action in breach of contract. Petitioner contends that it had an executory contract with respondent (simply by making a bid), which respondent breached by improperly awarding the contract to respondent. We decline to address this issue, as even if petitioner were to establish liability under its broad interpretation of its relationship with

5

respondent, petitioner is required to proffer credible evidence that respondent was negligent, fraudulent, or otherwise misrepresented that Continental was the "lowest qualified responsible bidder." As noted above, the record is devoid of any such evidence. Accordingly, we find no merit to petitioner's third assignment of error.

We further decline to address petitioner's fourth assignment of error inasmuch as it does not relate to whether the circuit court committed clear error in granting summary judgment to respondent, which was dispositive as to petitioner's claims herein.[7]

For the foregoing reasons, we affirm the circuit court's award of summary judgment to respondent.

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[7]In its fourth assignment of error, petitioner argued that the circuit court erred in finding that petitioner was attempting to bring a claim for violation of the Prevailing Wage Act on behalf of employees of Continental.